IN THE SUPREME COURT OF THE STATE OF DELAWARE

SHAWN BUNTING, § 
§ 
  Defendant Below- § No. 263, 2014
  Appellant, § 
§ 
  v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for New Castle County
§ Cr. ID 0407024013
  Plaintiff Below- § 
  Appellee. § 

Submitted: March 20, 2015
Decided:  May 5, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 5th day of May 2015, upon consideration of the parties' briefs, their supplemental memoranda, and the record on appeal, it appears to the Court that:

(1)　The appellant, Shawn Bunting ("Bunting"), filed this appeal from the Superior Court's summary dismissal of his third motion for postconviction relief.  The case was scheduled to be considered by the Court on the basis of the briefs on October 31, 2014.  On October 22, however, the Court stayed the appeal pending the outcome of another appeal, *Brown v. State*, No. 178, 2014.  The Court issued its opinion in *Brown* on January 23,

2015.[1] The parties were directed to file supplemental memoranda addressing the applicability of *Brown* to Bunting's case. After careful consideration of the parties' briefs and supplemental memoranda, we find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that, in February 2005, a Superior Court jury found Bunting guilty of multiple drug-related offenses.[2] The Superior Court sentenced Bunting as a habitual offender to life imprisonment. This Court affirmed the Superior Court's judgment on direct appeal.[3] Thereafter, Bunting filed two unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"),[4] as well as a federal petition for habeas corpus, which was dismissed as untimely by the District Court.[5]

(3) On January 7, 2014, Bunting filed his third motion for postconviction relief, claiming that his counsel was ineffective for failing to

---

[1] *Brown v. State*, 108 A.3d 1201 (Del. 2015).

[2] The jury convicted Bunting of Possession With Intent to Deliver a Non-Narcotic Schedule I Controlled Substance, Use of a Dwelling for Keeping Controlled Substances, Use of a Vehicle for Keeping Controlled Substances, Possession of Drug Paraphernalia, and Driving While License Suspended or Revoked but acquitted him of Possession of a Narcotic Schedule II Controlled Substance.

[3] *Bunting v. State*, 2006 WL 2587074 (Del. Sept. 7, 2006).

[4] *See State v. Bunting*, 2008 WL 1891708 (Del. Super. Apr. 28, 2008) (Superior Court's final order denying Bunting's first Rule 61 motion; no appeal taken); *Bunting v. State*, 2011 WL 3849497 (Del. Aug. 30, 2011) (affirming the Superior Court's denial of Bunting's second Rule 61 motion).

[5] *Bunting v. Phelps*, 687 F. Supp. 2d 444, 448-49 (D. Del. 2009).

conduct a meaningful investigation, for failing to challenge the habitual offender statute, and for failing to raise an Equal Protection claim based on the State's selective prosecution of eligible offenders under the habitual offender statute. Bunting also filed a motion for appointment of counsel based on the United States Supreme Court's decision in *Martinez v. Ryan*[6] and recent amendments to Rule 61(e)(1).[7] A Superior Court Commissioner recommended summary dismissal of Bunting's third postconviction motion on the grounds that his ineffective assistance of counsel claims were procedurally barred under Rule 61(i)(1),[8] 61(i)(2),[9] and 61(i)(4),[10] and Bunting had failed to plead a colorable claim of a miscarriage of justice

---

[6] 132 S. Ct. 1309 (2012).

[7] Effective May 6, 2013, Rule 61(e)(1) was amended to provide that the Superior Court shall appoint counsel for an indigent defendant's *first* postconviction motion, although appointment of counsel for second or subsequent motions remained discretionary with the Superior Court. Rule 61 was amended again after Bunting filed his present motion. Among other things, Rule 61 was amended to distinguish between those limited types of cases in which counsel must be appointed to assist an indigent movant on a first postconviction motion from those cases in which appointment of counsel is discretionary. *See* Del. Super. Ct. Crim. R. 61(e) (2015) (effective June 4, 2014). All references to Rule 61 in this Order are to the applicable rule that was in effect at the time Bunting filed his postconviction motion in January 2014.

[8] Super. Ct. Crim. R. 61(i)(1) (barring motion filed more than one year after judgment of conviction becomes final).

[9] Super. Ct. Crim. R. 61(i)(2) (barring any ground for relief not asserted in a prior postconviction motion).

[10] Super. Ct. Crim. R. 61(i)(4) (barring any ground for relief that was formerly adjudicated).

under Rule 61(i)(5).[11]  The Commissioner also recommended denial of Bunting's motion for appointment of counsel after concluding that Bunting was not entitled to counsel under *Martinez* and had not established good cause for appointment of counsel under Rule 61(e)(1).  After *de novo* review, the Superior Court adopted the Commissioner's recommendations, denied Bunting's motion for appointment of counsel, and summarily dismissed Bunting's third motion for postconviction relief.[12]  This appeal followed.

(4)  Bunting essentially raises three arguments on appeal.  First, he contends that he was entitled, under *Martinez*, to the appointment of counsel to assist him in pursuing his third postconviction motion.  Second, he contends that a recent investigation into misconduct at the Office of the Medical Examiner calls into question the legitimacy of the chain of custody and forensic testing of the drug evidence in his case.  Finally, he contends that the Superior Court abused its discretion in dismissing his third motion for postconviction relief as procedurally barred.  This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and

---

[11] Super. Ct. Crim. R. 61(i)(5) (providing that barred claims can be reviewed if there is a colorable claim of a miscarriage of justice due to a constitutional violation that undermined the fairness of proceedings).

[12] *State v. Bunting*, 2014 WL 2119626 (Del. Super. May 13, 2014).

4

questions of law *de novo*.[13] The procedural requirements of Rule 61(i) must be considered before any substantive issues are addressed.[14]

(5) Bunting's first claim on appeal is that the Superior Court abused its discretion in denying his motion for appointment of counsel because he was entitled to appointment of counsel under *Martinez*. Bunting also appears to argue that he should be permitted to re-litigate his earlier postconviction motions with appointed counsel because he lacked counsel at the time of those motions. Neither contention has any merit. Contrary to Bunting's contention, *Martinez* simply does not stand for the proposition that an indigent defendant has a constitutional right to counsel in a first postconviction proceeding or in any subsequent postconviction proceeding. Moreover, this Court previously has rejected the argument that a defendant who proceeded without counsel in a first postconviction proceeding is entitled under *Martinez* to "re-do" his first postconviction proceeding with appointed counsel.[15] Because his arguments find no support in the law, we reject Bunting's contentions on appeal.

---

[13] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[14] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[15] *Riley v. State*, 2014 WL 98643 (Del. Jan. 9, 2014).

5

(6) Bunting next claims that he was convicted based on testimony and evidence offered by the Office of the Chief Medical Examiner ("OCME"), which has been the subject of a recent investigation by the Attorney General. He suggests that the recent investigation calls into question the chain of custody of the drug evidence in his case. In this appeal, the State disclosed in a letter dated June 6, 2014 that a person in the chain of custody for the drug evidence had been indicted on charges arising from the Attorney General's investigation. The State's letter claimed that there was no evidence that the drugs in Bunting's case had been compromised.

(7) The parties were directed to file supplemental memoranda addressing the applicability, if any, of this Court's recent opinion in *Brown v. State*.[16] In *Brown*, among other things, we rejected the defendant's postconviction claim that he was entitled to a new trial based on the newly discovered evidence of misconduct at the OCME. In the context of that case, we held that Brown's knowing, intelligent, and voluntary guilty plea waived any right to test the chain of custody of the drug evidence.[17]

---

[16] 108 A.3d 1201 (Del. 2015).

[17] *Id.* at 1205-06.

(8) In his supplemental memorandum, Bunting repeats his contention that counsel should have been appointed to help him pursue his claims in his first postconviction motion challenging the habitual offender statute. He raises no argument about the OCME investigation, its arguable impact on his case, or the applicability of the Court's holding in *Brown* to his case. Moreover, he does not challenge the chain of custody or forensic testing of the drug evidence in his case in any way.

(9) As the State points out in its supplemental memoranda, Bunting specifically waived his right to have each person in the chain of custody testify at his 2005 trial. In fact, the Superior Court noted on the trial record that there was "no legitimate issue" with regard to chain of custody in Bunting's case. Indeed, in his defense at trial, in his direct appeal, and in all of his postconviction proceedings, Bunting has never challenged the validity of the forensic testing or the chain of custody of the drug evidence.

(10) Even if we assume that Bunting had raised the chain of custody issue to the Superior Court in the first instance, we conclude that the claim is procedurally barred by Rule 61(i)(1) and Rule 61(i)(2) and that Bunting has not established a miscarriage of justice under Rule 61(i)(5) sufficient to overcome these procedural hurdles. The record reflects that the testing of the drug evidence in Bunting's case predates the OCME investigation by a

decade. Bunting has not even alleged, let alone offered any proof, that the integrity of his trial proceedings in 2004 was compromised by the OCME investigation that began in 2014. Under the circumstances, we conclude that Bunting's conclusory and unsubstantiated assertion that the validity of the chain of custody of the drug evidence at his 2004 trial somehow has been called into question by the 2014 OCME investigation is insufficient to establish a miscarriage of justice under Rule 61(i)(5) in order to overcome the procedural bars of Rule 61(i)(1)-(2).

(11) Finally, Bunting argues that the Superior Court abused its discretion in dismissing the ineffective assistance of counsel claims raised in his third motion for postconviction relief as procedurally barred. Bunting appears to assert that his claims should not be procedurally barred because this Court never addressed the merits of the issues he raised in his 2008 appeal from the Superior Court's denial of his first postconviction motion. Bunting's assertion, however, fails to acknowledge several important facts. First, the Superior Court addressed his ineffectiveness claims when it denied his first postconviction motion.[18] Second, Bunting never filed an appeal from the Superior Court's *final* order denying his first Rule 61 motion, so

---

[18] *State v. Bunting*, 2008 WL 1891708 (Del. Super. Apr. 28, 2008).

this Court had no opportunity to address the merits of his claims on appeal.[19] Under these circumstances, there is simply no merit to Bunting's suggestion that Rule 61(i)(4) should not bar his previously adjudicated claims. Moreover, to the extent Bunting asserts that review of his ineffective assistance of counsel claims was warranted because there was a "miscarriage of justice" under Rule 61(i)(5),[20] we find his claims to be conclusory and unsubstantiated.[21] Accordingly, we find no error in the Superior Court's denial of Bunting's third motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[19] The appeal that Bunting references in his opening brief, No. 117, 2008, was an appeal from the Superior Court's interlocutory order denying some of his postconviction claims but granting his request to amend his Rule 61 motion to add ineffective assistance of counsel claims. We dismissed that appeal as unopposed after Bunting failed to respond to the State's motion to dismiss the appeal as interlocutory. *See Bunting v. State*, 2008 WL 2816949 (Del. July 23, 2008).

[20] Super. Ct. Crim. R. 61(i)(5) (providing that barred claims can be reviewed if there is colorable claim of miscarriage of justice due to constitutional violation that undermined fairness of proceedings).

[21] *Younger v. State*, 580 A.2d at 555-56 (holding conclusory allegations of ineffective assistance of counsel were not sufficient to show review was warranted in interest of justice or that constitutional violation occurred).